## Weschler v. B. & L. E. Traction Company.

*Workmen's compensation—Subrogation—Actions against third persons—Parties of record.*

Where it appears that plaintiff was injured in the course of his employment, an action against a third person, whose negligence caused the injury, is subject to the rights of the employer to subrogation, but only to the extent of the compensation payable to the employee, and such third person may protect himself against any demand by the employer by stay of proceedings until the statement of claim is amended to show that the employee has sued for himself and his employer as their interests may appear.

Demurrer to statement of claim. C. P. Erie Co., May T., 1924, No. 199.

*Marsh & Eaton,* for plaintiff; *Brooks, English & Quinn,* for defendant.

HIRT, J.—In this action plaintiff claims damages for injuries to his person resulting from defendant's negligence. In his statement he avers that he was employed as a truck driver for Jacob Haller Company and that at the time of the injury was driving a truck owned by that company. From these averments it appears, *prima facie* at least, that plaintiff was injured in the course of his employment, and, if so, he has a claim against his employer, Jacob Haller Company, for compensation.

Section 319 of the Workmen's Compensation Act (Act of June 2, 1915, P. L. 736) provides: "Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore

paid by the employer shall be paid forthwith to the employee or to his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

It is the contention of the defendant, in the demurrer filed, that this action must be stayed until all parties having an interest in a verdict which may be recovered are brought upon the record. We must disregard the third allegation of defendant's demurrer, to the effect that an insurance company should be made a party to the record, for this allegation of the affidavit is a speaking demurrer: Mollenauer v. Washington County, 28 Dist. R. 199.

This section of the Workmen's Compensation Act has been construed in a number of cases: Kinney v. P. & R. Ry. Co., 26 Dist. R. 502; Smith v. American Manganese Manuf. Co., 28 Dist. R. 699; Mollenauer v. Washington County, 28 Dist. R. 199; Phelan v. Armstrong Cork Co., 29 Dist. R. 461; Kerper v. Counties Gas and Electric Co., 29 Dist. R. 1049. And on these authorities, an action against a third person whose negligence caused the injury is subject to the right of the employer to subrogation, but only to the extent of the compensation payable by the employer, and such third person as defendant may protect himself against any demand by the employer by making the latter a party to the record.

There can be no question as to the right of the defendant in this case to bring plaintiff's employer into the record for its protection. While one liable for compensation, however, may be made a party to the record, the act does not make the employer a party plaintiff to the action nor allow him to intervene as such, but the statement should show that the employee has sued for himself and the employer as their respective interests may appear: Kerper v. Counties Gas and Electric Co., 29 Dist. R. 1049. In this respect the statement filed in this case is deficient.

And now, Sept. 29, 1924, leave is granted plaintiff to file an amended statement in accordance with this opinion within fifteen days, proceedings stayed meanwhile.                                              From Otto Herbst, Erie, Pa.